BLODGETT, Respondent, v. GREENE, Appellant.

1. Where, in cases arising under the practice act of 1849, facts are set up in an answer by way of equitable defence to the action and not by way of set-off, the plaintiff is not required to reply.

*Appeal from St. Louis Circuit Court.*

This was an action brought in the year 1854 by Daniel Blodgett on a bill of exchange for five hundred dollars drawn by Nelson Blodgett on Cheever & Co. (of which firm defen-

34—VOL. XXVII.

dant was a member) and accepted by them. The defendant in his answer alleged that the bill sued on was the property of Nelson Blodgett and not of the plaintiff; that Nelson had endorsed it to the plaintiff in order that suit might be brought in the name of the plaintiff, against whom the defence which defendant has against Nelson Blodgett might be unavailing, and for the purpose of defrauding defendant; that Nelson Blodgett was and is indebted to the defendant in more than two thousand dollars, as shown by a judgment against him still unsatisfied in the St. Louis court of common pleas; that the bill was transferred to plaintiff long after its maturity, without consideration and upon the sole condition that Daniel should sue defendant thereon for Nelson Blodgett's use; that the bill of exchange was given in part payment of a loan which Nelson Blodgett had made of Cheever & Co. and for which he was to give them a deed of trust on real estate in Minnesota; that he did execute a deed of trust, but before it could be recorded Daniel Blodgett placed of record a deed to himself of the same land, the taking of said deed by Daniel being a contrivance to cheat Cheever & Co.; that Cheever & Co. had become liable for part of this loan to other persons to whom Nelson had given orders; that on discovering the fraud they determined to pay no more of this loan, and so refused to pay this draft or bill; that the Blodgetts are brothers and reside in Minnesota. The answer prays that said bill of exchange be ordered to be delivered up to be cancelled; that the said Nelson Blodgett and said Daniel Blodgett be ruled to answer the allegations of the answer and show cause why said bill should not be surrendered to defendant; that process be awarded to make Nelson Blodgett a party to the suit. To this answer there was no reply.

At the trial the plaintiff admitted the existence of the judgment against Nelson Blodgett as stated in the answer. The defendant moved the court to give judgment for the defendant upon the set-off in the answer. The court overruled the motion, and in its finding found that the bill sued on was drawn and accepted as stated in the petition; that at the time

Blodgett v. Greene.

of its acceptance defendant Greene was a member of the firm of Cheever & Co.; that the bill was endorsed to plaintiff; that it was duly presented and payment refused; " that plaintiff is entitled to judgment against defendant for the amount of said bill, together with damages on the principal sum specified therein at the rate of ten per cent, &c. No other facts."

*Gantt*, for appellant.

*Knox & Kellogg*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

The defendant can not complain that the court did not give judgment on the matter set up by him in his answer for want of a reply. The matter relied on as a set-off was not pleaded as such, but was stated as an equitable answer; and the prayer was appropriate to such a defence. The matter not having been set up as a set-off, it would operate as a surprise on the plaintiff to hold that it was admitted, because there was no reply to it. No doubt but that out of the facts stated in the answer the defence of a set-off might have been framed, but the defendant using it in another way and concluding his answer with a prayer appropriate to such a use, he can not complain that a portion of his answer was not treated as a claim to a set-off. At the time of the beginning of this suit there was no statute allowing the defendant to set up a counter claim to the plaintiff's demand. Unless the counter claim consisted of a set-off which could be pleaded to an action for money, it could not be pleaded. Of course the defendant could make any equitable defence, but that did not require a reply. The defence in this case being an equitable one, and not an answer setting up a set-off, did not require a reply.

It is averred in the petition and is not denied in the answer that the plaintiff was the holder of the bill. Whether he was a *bona fide* holder was a fact submitted to the court, and it was found that the plaintiff was the legal holder of the bill. There is nothing in the finding of the facts which

should induce this court to disturb the judgment, especially when the evidence for the defendant is taken into consideration. After stating the facts on which the judgment is founded, the finding proceeds, "no other facts;" when the record is looked into, this phrase is sufficiently significant.

Under our statute the holder of the bill was allowed ten per cent. damages, as it was drawn at a place without this state and within the United States.

The other judges concurring, the judgment will be affirmed.